UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIMBERLY J. HOMANS,                           :

       Plaintiff,                                :

       vs.                                       :   No. 3:11cv0911(SRU)(WIG)

MICHAEL J. ASTRUE,                            :
Commissioner of Social Security Administration,
                                       :

       Defendant.
---------------------------------------------------------------X

ORDER GRANTING DEFENDANT'S CONSENT MOTION TO REMAND
UNDER SENTENCE SIX OF 42 U.S.C. § 405(g)  [DOC. # 23]

      Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved this Court to remand this case to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g) based upon new and material evidence.  Counsel for Defendant represents that she has contacted Plaintiff's counsel, Robert S. Reger, Esq., who consents to the relief sought in this motion.

      Sentence six remands may be ordered in only two situations: (1) where the Commissioner requests a remand before filing his answer; and (2) where there is "new evidence which is material and [ ] there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g); *see also Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993).  In a sentence six remand, the district court "does not affirm, modify, or reverse [the Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination."  *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  Rather, unlike a sentence four

remand where a final judgment is entered, in a sentence six remand, the district court retains jurisdiction over the action pending further development by the Social Security Administration. *Shalala v. Schaefer*, 509 US. at 297, 299.  Thus, there is no final judgment until the Social Security Administration returns to the district court to file its additional or modified findings of fact and decision, and the district court enters a judgment.  *Melkonyan*, 501 U.S. at 98.

      Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for further administrative proceedings in light of the February 18, 2011 medical report from Dr. Michael E. Keenan, specifically his opinion concerning Crohn's Disease and the resulting functional limitations, which report was not available to the ALJ at the time she issued her decision.  Thus, upon remand, the ALJ is directed to consider this new evidence and to give further consideration to Plaintiff's severe impairments and her maximum residual functional capacity.  If warranted by the expanded record, the ALJ should obtain supplemental vocational expert testimony.  Plaintiff should be provided with the opportunity to appear at a hearing and to submit additional and relevant medical evidence.  The ALJ will proceed through the sequential evaluation process and then issue a decision.

      Accordingly, the Court hereby GRANTS the Defendant's Motion for Entry of Judgment Under Sentence Six of 42 U.S.C. § 405(g) with a Remand of the Cause to the Defendant [Doc. # 23].  This is the same relief as was sought by Plaintiff in her Motion to Remand [Doc. # 19].  Therefore, her Motion to Remand [Doc. # 19] is also GRANTED.

      The Clerk is directed to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order to keep this case open for further proceedings.

SO ORDERED, this 9th day of July, 2012, at Bridgeport, Connecticut.

                                              /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge